Lynn Lincoln Sarko (Admitted Pro Hac Vice)
lsarko@kellerrohrback.com
Derek W. Loeser (Admitted Pro Hac Vice)
dloeser@kellerrohrback.com
T. David Copley (Admitted Pro Hac Vice)
dcopley@ kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
Facsimile: (206) 623-3384
***Interim Lead Counsel***

Michael D. Braun (167416)
service@braunlawgroup.com
BRAUN LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 920
Los Angeles, CA  90025
Telephone:  (310) 442-7755
Facsimile: (310) 442-7756
***Interim Liaison Counsel***

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FREMONT GENERAL CORPORATION LITIGATION | Case No. CV07-02693 FMC (FMMx)<br><br>**CLASS ACTION**<br><br>**AMENDED MOTION TO LIFT STAY**<br><br>OLD DATE: MONDAY, MARCH 2, 2009<br>**NEW DATE: MONDAY, MARCH 9, 2009**<br>TIME: 10:00 A.M.<br>COURTROOM: 750<br>JUDGE:  THE HON. FLORENCE MARIE COOPER |

AMENDED MOTION TO LIFT STAY

Interim Lead Plaintiffs Marcy Johannesson, Wendy Horvat, Robert Anderson, Linda Sullivan, Armando Salas, and James K. Hopkins, on behalf of themselves and a putative class of similarly-situated ERISA participants and beneficiaries ("Plaintiffs") hereby move and request that the Court lift the stay entered on June 30, 2008 (Dkt. No. 82) as it relates to Defendants Wayne R. Bailey, Thomas W. Hayes, Patrick E. Lamb, Robert F. Lewis, Russell K. Mayerfield, James J. McIntyre, Raymond G. Meyers, Louis J. Rampino, and Dickinson C. Ross (collectively, the "Individual Defendants").

Procedural Background

In May and June 2007, participants and beneficiaries of the Fremont General Corporation and Affiliated Companies Investment Incentive Plan and the Fremont General Corporation Employee Stock Ownership Plan (together, the "Plans") filed six putative class action complaints against Fremont General Corporation and the Individual Defendants, who are the fiduciaries of the Plans. Each of the six original complaints sought recovery on behalf of the Plans pursuant to ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. §§1132(a)(2), (a)(3).

This Court consolidated the actions and appointed Plaintiffs as Interim Lead Plaintiffs and Keller Rohrback L.L.P. as Interim Lead Counsel in the Consolidated Action. *See* Order Consolidating Related Actions and Appointing Interim Lead Plaintiffs and Interim Lead and Liaison Counsel, *In re Fremont Gen. Corp. Litig*., No. 07-2693 (C.D. Cal. Aug. 17, 2007) (Dkt. No. 30).

On October 25, 2007, Plaintiffs filed their Consolidated Complaint (Dkt. No. 38). Defendants moved to dismiss the Consolidated Complaint (Dkt. No. 48), but the Court denied that motion on May 30, 2008 (Dkt. No. 75).

Defendant Fremont – but no Individual Defendant – filed a Chapter 11 bankruptcy petition on June 18, 2008. Fremont filed a bankruptcy notice with this

AMENDED MOTION TO LIFT STAY

Court on June 20, 1008 (Dkt. No. 81).  In that filing, Fremont alerted the Court that by virtue of its bankruptcy filing, this litigation was automatically stayed <u>as to Fremont only</u>.  *Id*.  Specifically, the Notice of Bankruptcy Filing provides that, "Pursuant to Bankruptcy Code Section 362(a), the prosecution of the above-entitled lawsuit <u>against [Fremont]</u>, including the issuance of service, has been automatically stayed." *Id.* at 2 (emphasis added).

On June 30, 2008, this Court issued an Order (Dkt. No. 82), which stayed the entire case even though only one defendant was protected by an automatic stay under the Bankruptcy Code.

The Individual Defendants never have sought to stay this action as to them.

<u>Argument</u>

Ninth Circuit law holds that when a corporate defendant files for bankruptcy, litigation is stayed <u>as to the corporation only</u> and continues to proceed against the bankrupt corporation's current or former officers and directors.  For example, in *Cohen* v. *Stratosphere Corporation,* 115 F.3d 695, 697 (9th Cir. 1997). a class of investors brought section 10(b) claims against Stratosphere and its officers and directors, among others.  While the case was on appeal, Stratosphere Corporation filed a Chapter 11 bankruptcy petition.  The Ninth Circuit stayed the case as to Stratosphere Corporation only and allowed the case to proceed against Stratosphere's officers and directors, holding as follows:

> Stratosphere was a defendant in district court and was a party to this appeal, but while the appeal was under submission, Stratosphere filed a Chapter 11 petition in bankruptcy and all further proceedings against it were stayed pursuant to the automatic stay provision of 11 U.S.C. [§] 362(a).  We therefore entered an order on April 9, 1997, staying all action in this appeal *with regard to Stratosphere Corporation.*  The

<u>AMENDED</u> MOTION TO LIFT STAY

order also provided that for all other parties the appeal remained under submission. The automatic stay does not preclude us from deciding this appeal with regard to all parties other than Stratosphere, and we now proceed to do so.

115 F.3d at 697 (with emphasis in original). *See also In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 247 (9th Cir. 1994) (observing that the Ninth Circuit has repeatedly declined to recognize any exception to the rule that a bankruptcy filing stays an action as to the debtor only and not as to its codefendants, and again declining to recognize any exception); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.,* 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." (internal quotation marks omitted)).

Consistent with this rule, district courts within the Ninth Circuit routinely stay litigation against the bankrupt corporation only, while allowing the litigation to proceed against its officers and directors. *See, e.g., In re NextCard, Inc. Sec. Litig.,* No. 01-21029, 2003 WL 23142199, at *2 (N.D. Cal. 2003) (noting that securities claims were stayed as to NextCard, Inc. after its Chapter 11 bankruptcy filing, but were proceeding against the company's current and former officers and directors); *In re NorthPoint Communications Group, Inc., Sec. Litig,* 221 F. Supp. 2d 1090, 1093, n1. (N.D. Cal. 2002) (noting that as a result of NorthPoint's bankruptcy, "this action is stayed as to it," and then proceeding to adjudicate the section 10(b) claims against NorthPoint's officers); *In re U.S. Aggregates, Inc. Sec. Litig.,* 235 F. Supp. 2d 1063, 1068, n.4 (N.D. Cal. 2002) ("Because U.S. Aggregates has filed for bankruptcy, Plaintiffs suit against the Company is subject to the automatic stay provisions of the Bankruptcy Code. The action, however, may proceed against Defendants Harris [the Company's former CEO] and Stone

[the Company's former CFO]."); *Duval v. Gleason,* No. 90-0242, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) (holding that corporation's bankruptcy filing does not stay securities litigation as to its officers and directors because "the securities laws allow for the independent liability of the officers" and "[t]o hold otherwise would allow the Bankruptcy Act to create a sizeable loophole through which malfeasant corporate officers and directors and their insurers could escape, at least temporarily").

Presented with this exact issue in the securities suit against Fremont and several individual defendants, this Court lifted the stay as to the non-bankrupt defendants and allowed the case to proceed. Order Lifting Stay as to the Individual Defendants, *Al-Beitawi v. Fremont Gen. Corp.*, No. 07-5756 (C.D. Cal. July 18, 2008) (Dkt. No. 77).

The foregoing authorities establish that Fremont's bankruptcy filing triggers a stay of this action as to Fremont only, and that this action should proceed against the Individual Defendants. *See, e.g., Cohen,* 115 F.3d at 697. Further, the foregoing authorities are consistent with Fremont's Notice of Bankruptcy Filing, which provides that the automatic stay applies only to Fremont and not the Individual Defendants.

For those reasons, the Court should lift the stay of this litigation as to the Individual Defendants.

Conclusion

Plaintiffs respectfully request that this Court enter an Order lifting the stay as to the Individual Defendants and allowing this action to proceed against them.

//

//

AMENDED MOTION TO LIFT STAY

Respectfully submitted 4th day of February, 2009.

KELLER ROHRBACK L.L.P.


/s/ T. David Copley
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Derek W. Loeser
dloeser@kellerrohrback.com
T. David Copley
dcopley@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Tel: (206) 623-1900 • Fax: (206) 623-3384
**Interim Lead Counsel**

Michael D. Braun (167416)
service@braunlawgroup.com
BRAUN LAW GROUP, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA  90025
Tel: (310) 442-7755 • Fax: (310) 442-7756
**Interim Liaison Counsel**

- 6 -
AMENDED MOTION TO LIFT STAY

## CERTIFICATE OF SERVICE

STATE OF WASHINGTON   )
                      )        ss.
COUNTY OF KING        )

I am employed in King County, Washington, I am over the age of 18 and not a party to the within action; my business address is 1201 Third Avenue, Suite 3200, Seattle, Washington 98101-3052.

On February 4, 2009, I electronically filed the foregoing document: **Amended Motion to Lift Stay** via the CM/ECF system which electronically serves the parties indicated on the attached Service List.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 4, 2009, at Seattle, Washington.

/s/ Linda J. Vandiver_____
Linda J. Vandiver, Legal Assistant

## SERVICE LIST

### *In Re Fremont General Corporation Litigation.*

Michael C. Lieb (126831)                    ***Counsel for Defendants***
Ms. Leemore L. Kushner (221969)
William A Delgado
WILLENKEN WILSON, et al.
707 Wilshire Blvd., Suite 3850
Los Angeles, California  90017
Tel:  213-955-8023
Fax: 213-955-9250
mlieb@willenken.com
llibesman@willenken.com
wdelgado@willenken.com


George T. Caplan (43821)
Kristopher S. Davis (193452)
EPSTEIN, BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Tel.:  (310) 557-9565
Fax:  (310) 553-2165
gcaplan@ebglaw.com
ksdavis@ebglaw.com

AMENDED MOTION TO LIFT STAY