UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FREMONT GENERAL CORPORATION LITIGATION | Case No. 2:07-cv-02693-JHN-FFMx<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Honorable Jacqueline H. Nguyen |

On March 15, 2010, the Court held a hearing on Plaintiffs' Motion for Class Certification ("Motion") (Docket No. 149), filed on October 26, 2009. The Court has considered the Motion, Opposition, and Reply briefs filed in this matter, as well as the parties' oral arguments presented at the hearing. For the reasons stated below, the Court hereby GRANTS the Motion.

## I.
## BACKGROUND

Interim Lead Plaintiffs, Marcy Johannesson, Wendy Horbat, Robert Anderson, Linda Sullivan, and James K. Hopkins (collectively "Plaintiffs") are current or former participants in the Fremont General Corporation 401(k) and

1  employee stock ownership plans.  Defendants were the plans' fiduciaries.
2  Plaintiffs claim Defendants breached fiduciary duties to protect the plans under
3  the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §
4  1001 *et seq*.

5  Plaintiffs' primary allegation is that Fremont stock was an imprudent
6  investment for the plans' assets during the amended class period, January 1, 2005
7  to December 31, 2008.  (Mem. 3; Reply 10.)  Plaintiffs further allege that
8  Defendants breached their fiduciary duties by failing to: (1) prudently and loyally
9  manage the plans' investments in Fremont stock; (2) properly monitor the
10 performance of fiduciary appointees and remove and replace those whose
11 performance was inadequate; (3) provide complete and accurate information
12 regarding Fremont stock and the prudence of investing and holding retirement
13 contributions in Fremont stock; and (4) prevent breaches by co-fiduciaries of
14 their duties of prudent and loyal management, adequate monitoring, and complete
15 and accurate communications.  (Mem. 3.)

16 On October 26, 2009, Plaintiffs filed a Motion and supporting
17 Memorandum, seeking:  (1) certification of the proposed class under Federal
18 Rule of Civil Procedure 23(b)(1) or 23(b)(3); (2) appointment as class
19 representatives; and (3) appointment of Kelly Rohrback L.L.P. as class counsel
20 and Braun Law Group, P.C. as liason counsel.  (*Id.* at 1.)  Defendants filed an
21 Opposition, and Plaintiffs filed a Reply.  In their Reply, Plaintiffs altered the
22 proposed class period end date from "the present" (*id.* at 4) to "December 31,
23 2008," the date the 401(k) plan was terminated (Reply 10).  Accordingly,
24 Plaintiffs seek certification of the following proposed class:

25 > all persons, other than Defendants, who were participants in or
26 > beneficiaries of the Plans at any time between January 1, 2005 and
   > [December 31, 2008], whose accounts included investments in Fremont
   > stock.
27
(*See* Mem. 4; Reply 10.)
28

# II.

# DISCUSSION

**A. Class Certification**

**1. Legal Standard - Motions for Class Certification**

Pursuant to Federal Rule of Civil Procedure 23, one or more members of a class may sue as representative parties on behalf of the entire class. To certify a class, the party seeking class certification bears the burden of satisfying the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Although the Court has "broad discretion" to certify a class, it must rigorously assess whether the moving party has met its burden. *Id.* However, the Court may not inquire into the merits of the class representatives' underlying claims and therefore must accept as true the substantive allegations of the complaint. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974); *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 341 (C.D. Cal. 2005).

**2. Rule 23(a)**

To certify a class, the Court must find that the four prerequisites under Rule 23(a) exist. *Zinser*, 253 F.3d at 1186. For the reasons herein, Plaintiffs have met their burden of demonstrating each prerequisite.

i. Numerosity

Rule 23(a)(1) requires that "joinder of all members is impracticable." Here, the Form 5500 filed by Defendant Fremont with the Internal Revenue Service and Department of Labor indicates the plans at issue had more than 4,000 participants. (Mem. 8.) A class possibly exceeding 4,000 members certainly makes joinder impracticable. Defendants do not challenge numerosity. Accordingly, Rule 23(a)(1) is met.

///
///

ii.  Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class."  The Rule does not require that all questions of law or fact be identical and is much less rigorous than the companion requirements of Rule 23(b)(3).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Id.*

Here, there are several questions of law and fact common to the proposed class -- mainly the extent of the class' participation in the plans at issue and whether Defendants breached fiduciary duties purportedly owed to those plans by investing in Fremont stock. (Mem. 3.)  The same was true in *Syncor*, where participants and beneficiaries of plans under ERISA sued a corporation and its directors for breaches of fiduciary duty in choosing to invest in company stock.  *Syncor*, 227 F.R.D. at 339, 344.  The court held that commonality existed where there were "[s]everal questions of law and fact which [were] common to all prospective Class members, including their possession of Syncor stock and the Defendants' alleged breaches of duty to the Plan."  *Id.* at 344.

Moreover, additional questions of law and fact are common to the class.  They include whether Defendants breached fiduciary duties by failing to prudently and loyally manage the plans' investments, properly monitor the performance of fiduciary appointees, remove and replace appointees whose performance was inadequate, and prevent breaches of duty by co-fiduciaries.  (Mem. 3.)  Contrary to Defendants' argument, the fact that Plaintiffs are also pursuing a negligent misrepresentation claim which may require proof of reliance does not negate commonality, as all questions of law or fact need not be identical.  *Hanlon*, 150 F.3d at 1020; *see Alvidres v. Countrywide Fin. Corp.*, No. CV 07-5810-RGK (CTx), 2008 WL 1766927, at *2 (C.D. Cal. April 16, 2008) (finding commonality in an ERISA action for alleged breaches of fiduciary duty and

1  misrepresentations).  As such, commonality under Rule 23(a)(2) exists.

2      iii.  Typicality

3      Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Claims are "typical" if they are "reasonably co-extensive with those of absent class members."  *Hanlon*, 150 F.3d at 1020.  In other words, where "unnamed class members have injuries similar to those of the named plaintiffs and...the injuries result from the same, injurious course of conduct," typicality exists.  *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001).

    Here, Plaintiffs suffered similar injuries from the same, injurious course of conduct.  The alleged injuries of financial losses are similar among the class, all of whom were participants in or beneficiaries of the plans at issue during the time the purported breaches of fiduciary duty occurred.  Moreover, those similar injuries resulted from the same, injurious course of conduct—Defendants' decision to invest the plans' assets in Fremont stock and other purported breaches of fiduciary duty.  Although Defendants argue that some members of the class may or may not have relied on Defendants' statements, typicality still exists even where claims are not identical so long as there are similar injuries from similar conduct.  *Armstrong*, 275 F.3d at 869.  Additionally, although Defendants claim there is no typicality because some members allegedly exercised independent control over the plans' assets (Opp'n 20), Plaintiffs have previously disclaimed that factual assertion (*see* Docket No. 197 at 11), and the Court may not address the merits of the action on a motion for class certification (*Eisen*, 417 U.S. at 177–78).  For these reasons, Plaintiffs have established typicality under Rule 23(a)(3).

    iv.  Adequacy of representation

    Finally, Rule 23(a)(4) requires evidence that "the representative parties will fairly and adequately protect the interests of the class."  This element exists where

5

1 (1) the named representatives appear able to prosecute the action vigorously
2 through qualified counsel and (2) the representatives do not have antagonistic or
3 conflicting interests with the unnamed members of the class. *Lerwill v. Inflight*
4 *Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).
5 In this case, Plaintiffs appear to have retained qualified counsel, and no evidence
6 indicates any interests antagonistic or conflicting with the unnamed class
7 members. Defendants do not challenge Plaintiffs' adequacy of representation.
8 Accordingly, Rule 23(a)(4) is satisfied.
9      **3. Rule 23(b)**
10      In addition to demonstrating each of the four prerequisites under Rule
11 23(a), Plaintiffs must also show that at least one requirement of Rule 23(b) is met.
12 *Zinser*, 253 F.3d at 1186. Plaintiffs assert that Rule 23(b)(1) or, in the alternative,
13 Rule 23(b)(3) is met. (Mem. 1.) As discussed below, the Court finds certification
14 appropriate under Rule 23(b)(3).
15      i. Rule 23(b)(1)(A)
16      Rule 23(b)(1)(A) allows for class certification where "prosecuting separate
17 actions by or against individual class members would create a risk of: (A)
18 inconsistent or varying adjudications with respect to individual class members
19 that would establish incompatible standards of conduct for the party opposing the
20 class." Fed. R. Civ. P. 23(b)(1)(A).
21      Class certification under Rule 23(b)(1)(A) is inappropriate where plaintiffs
22 primarily seek money damages. *Zinser*, 253 F.3d at 1193–95; *In re First*
23 *American*, 258 F.R.D. 610, 621–22 (C.D. Cal. 2009) (denying class certification
24 under Rule 23(b)(1)(A), due to *Zinser*, where plaintiffs primarily sought money
25 damages for breaches of fiduciary duty under ERISA); *Syncor*, 227 F.R.D. at 346
26 (relying on *Zinser* and accordingly denying class certification under Rule
27 23(b)(1)(A) where plaintiffs primarily sought money damages for breaches of
28 fiduciary duty under ERISA).

1    Here, Plaintiffs primarily seek money damages (i.e. damages to the plans).
2 Thus, certification is inappropriate under Rule 23(b)(1)(A).  Although the Court
3 acknowledges that other courts have certified under Rule 23(b)(1)(A) even where
4 plaintiffs apparently sought primarily money damages, the Court agrees with
5 *First American* and *Syncor* and finds *Zinser* controlling.  *Alvidres*, 2008 WL
6 1766927, at *1, *3 (granting class certification under Rule 23(b)(1)(A) where
7 plaintiff brought the action "to restore the allegedly lost funds to the Plan");
8 *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111–12 (N.D. Cal. 2008) (granting
9 class certification under Rule 23(b)(1)(A)).  Accordingly, the Court denies class
10 certification under Rule 23(b)(1)(A).

11    ii.  Rule 23(b)(1)(B)

12    Rule 23(b)(1)(B) allows for class certification where "prosecuting separate
13 actions by or against individual class members would create a risk of: (B)
14 adjudications with respect to individual class members that, as a practical matter,
15 would be dispositive of the interests of the other members not parties to the
16 individual adjudications or would substantially impair or impede their ability to
17 protect their interest."  Fed. R. Civ. P. 23(b)(1)(B).
18    Prior to the Supreme Court decision in *LaRue v. DeWolff, Boberg &*
19 *Assocs.*, 552 U.S. 248 (2008), some courts had found class certification
20 appropriate under Rule 23(b)(1)(B).  *See, e.g.*, *Syncor*, 227 F.R.D. at 347; *Aguilar*
21 *v. Melkonian Enters.*, No. 1:05-CV-00032 OWW LJO, 2006 U.S. Dist. LEXIS
22 80690, at *10 (E.D. Cal. Nov. 3, 2006).  For instance, faced with nearly identical
23 facts and questions of law, the *Syncor* court certified a proposed class of plan
24 members and beneficiaries under Rule 23(b)(1)(B).  *Syncor*, 227 F.R.D. at 347.
25 In granting certification, the court reasoned:

26 > The relief which Plaintiffs seek from Defendants would inure to the Plan as a whole.  If the primary relief is to the Plan as a whole, then
27 > adjudications with respect to individual members of the class would 'as a practical matter' alter the interests of other members of the class -- if one
28 > plaintiff forces the Defendants to pay damages to the Plan, the benefit

would affect everyone who has a right to disbursements from the Plan. *Id.* (citation omitted).

However, after *LaRue* held that Section 502(a)(2) of ERISA authorizes recovery for fiduciary breaches that impair the value of plan assets in a participant's *individual* account, some courts have found Rule 23(b)(1)(B) class certification to be inappropriate. *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 (2008); *First American*, 258 F.R.D. at 622; *In re Computer Scis. Corp. ERISA Litig.*, No. CV 08-02398 SJO (JWJx), 2008 U.S. Dist. LEXIS 112423, at * 5, n.1 (C.D. Cal. Dec. 29, 2008). For instance, in *First American*, a court in this district denied Rule 23(b)(1)(B) certification, reasoning that because *LaRue* secured putative class members with an individual remedy to pursue relief on their own behalf, separate actions would not inescapably alter the rights of others. *First American*, 258 F.R.D. at 622. The Court finds *First American* persuasive. Because usual preclusion rules would not appear to adversely affect an individual's ability to bring his or her own claims in the event that another individual's claim is defeated (*id.*), class certification under Rule 23(b)(1)(B) is unnecessary to protect the interests of unnamed class members. There is little risk that prosecuting separate actions would result in adjudications that would be dispositive of other member's interests or substantially impair the ability of others to protect their interests. For these reasons, the Court denies certification under Rule 23(b)(1)(B).

### iii.  Rule 23(b)(3)

Rule 23(b)(3) provides for class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). The matters pertinent to these findings include: "(A) the class members' interests in individually controlling the prosecution or defense of

8

separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

The Court recognizes that most ERISA class actions are certified under Rule 23(b)(1). *Kanawi*, 254 F.R.D. at 111. As such, fewer courts have analyzed class certification under Rule 23(b)(3) in ERISA action for breaches of fiduciary duty. Once a court deems certification appropriate under Rule 23(b)(1), analysis of the applicability of Rule 23(b)(3) is unecessary. *See, e.g.*, *id.*; *Syncor*, 227 F.R.D. at 347 ("Because the Court finds certification appropriate under Rule 23(b)(1)(B), the Court will not address certification under Rule 23(b)(3)."); *Alvidres*, 2008 WL 1766927, at *3 ("Because Rule 23(b)(1)(A) is satisfied...the Court [need not] address whether certification would be proper under Rule 23(b)(3).").

However, the Court finds this case particularly suited for Rule 23(b)(3) certification. Where common questions of law or fact occupy a significant aspect of the case and can be resolved for all members in a single adjudication, Rule 23(b)(3) is met. *Hanlon*, 150 F.3d at 1022. Particularly, where a "common nucleus of facts and potential legal remedies dominates [the] litigation" or a "generally homogenous collection of causes" exists, adjudication by representation is warranted. *Id.*

In this case, common questions predominate. Plaintiffs' primarily allegation is that Defendants breached fiduciary duties owed to the plan. This will require adjudication of factual issues including: (1) whether Defendants invested the plans' assets in Fremont stock; (2) what they knew or shown have known about the stock when they authorized those investments; (3) how they managed, or failed to manage, the plans' investments; (4) how they monitored, or failed to monitor, the performance of fiduciary appointees; (5) what they knew,

9

or should have known, about the performance of fiduciary appointees; (6) whether they failed to remove and/or replace certain appointees; (7) what actions Defendants took, or failed to take, with respect to the conduct of co-fiduciaries; and (8) what Defendants knew, or should have known, about the conduct of co-fiduciaries. More importantly, common legal issues will arise as to whether any of the aforementioned conduct constitutes breaches of fiduciary duty under ERISA. Accordingly, these many common questions will be most efficiently resolved for all members in a single adjudication. As a common nucleus of facts and potential legal remedies involves the conduct Defendants took, or failed to take, in this action, Plaintiffs' claims are generally homogenous and suitable for adjudication by representation. Not only is predominance established, but a class action in this instance would be superior to other available methods of adjudication. The pursuit of many individual controversies would result in unnecessary expense and duplicative litigation.

In *Computer Sciences*, a court in this district granted Rule 23(b)(3) certification in an action involving similar issues. *Computer Scis. Corp.,* 2008 U.S. Dist. LEXIS 112423, at *12–13. Plaintiffs in that case brought suit on behalf of a plan under ERISA § 502(a) for breaches of fiduciary duty, alleging backdating of stock options and other mismanagement, including imprudent investment, negligent misrepresentation, and failure to monitor. *Id.* at *4. Under the factors stated in Rule 23(b)(3), the court determined that certification was appropriate. The class members had little interest in individually controlling the prosecution of separate actions, the court knew of no other litigation regarding the purported breaches of fiduciary duty, efficiency and fairness weighed in favor of representative adjudication of the many common factual and legal issues, and finally, there was no overwhelming difficulty of managing the class action in light of the predominance of common issues. *Id.* at *12–13. As the same is true here, the Court finds *Computer Sciences* persuasive. For all of these reasons, the Court

grants certification of the proposed class under Rule 23(b)(3).

**4. Other Defense Arguments**

In addition to challenging class certification on the ground that Plaintiffs have failed to meet the requirements of Rule 23, Defendants further assert that the class is overly broad and that releases executed by some of the members weigh against certification.

Plaintiffs define the class as: "all persons, other than Defendants, who were participants in or beneficiaries of the Plans at any time between January 1, 2005 and [December 31, 2008], and whose accounts included investments in Fremont stock." (Mem. 4; Reply 10.) Defendants contend the January 1, 2005 inception date is arbitrary.[1] (Opp'n 9.) However, Plaintiffs assert that date was when company stock became an imprudent investment, thus giving rise to the breach of fiduciary duty claims. (Mem. 3; Consolidated Compl ¶¶ 87–165.) Because this disagreement over the beginning of any breach is factual in nature, the Court must accept as true this substantive allegation of the Complaint at this stage of the litigation. *Eisen*, 417 U.S. at 178.

Defendants also argue that one of the Plaintiffs executed a release that precludes her from pursuing the claims at issue and that at least 650 putative class members did the same. (Opp'n 18.) Although Defendants rely on *Langbecker v. Electronic Data Systems Corp.*, the court in that case did not deny certification on the ground that some class members may have executed releases. *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 313 (5th Cir. 2007). In fact, the court specifically noted that holders of releases could become a subclass if a class were certified. *Id.*

---

[1] Defendants cite to the Declaration of Daniel M. Garrett ("Garrett Declaration") to challenge the putative class period. The Court has considered the Garrett Declaration and finds a reasonable basis for the allegation that Fremont stock became an imprudent investment as of January 1, 2005.

11


Ultimately, as the Ninth Circuit has stated, "a district court retains the flexibility to address problems with a certified class as they arise, including the ability to decertify." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, Nos. 09-56578, 09-56579, 2010 U.S. App. LEXIS 238, at *20 (9th Cir. Jan. 6, 2010). "What a district court may not do is to assume, *arguendo*, that problems will arise, and decline to certify the class on the basis of a mere potentiality that may or may not be realized." *Id.* at *20–21. Should it become apparent that the class is overly broad or that holders of releases should be part of a subclass, the Court will modify the class certification order as needed. However, the Court will not decline to certify the class based on these potential problems that may or may not materialize.

**B. Class Representatives**

Interim Lead Plaintiffs also ask this Court to appoint themselves as the class representatives. (Mem. 1.) Defendants do not oppose this appointment. For the reasons the Court finds adequate representation under Rule 23(a)(4), the Court hereby appoints the Interim Lead Plaintiffs as class representatives.

**C. Class and Liason Counsel**

Lastly, Plaintiffs request this Court appoint Kelly Rohrback L.L.P. as class counsel and Braun Law Group, P.C. as liason counsel. (Mem. 1.) Defendants do not oppose this appointment. Under Rule 23(g)(1), if the Court certifies a class, it must also appoint class counsel. The Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In this case, Plaintiffs address and satisfy each prong of Rule 23(g)(1)(A) (*see* Mem. 21–22), and no evidence suggests class and liason counsel would not fairly or adequately represent the class' interests under Rule

| | |
|---|---|
| 1 | 23(g)(1)(B). As such, the Court hereby appoints Kelly Rohrback L.L.P. as class counsel and Braun Law Group, P.C. as liason counsel. |

23(g)(1)(B). As such, the Court hereby appoints Kelly Rohrback L.L.P. as class counsel and Braun Law Group, P.C. as liason counsel.

## III.

## CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Motion (Docket No. 149). The Court certifies the following class under Federal Rule of Civil Procedure 23(b)(3):

> all persons, other than Defendants, who were participants in or beneficiaries of the Plans at any time between January 1, 2005 and December 31, 2008, whose accounts included investments in Fremont stock.

The Court appoints Interim Lead Plaintiffs as class representatives, Kelly Rohrback L.L.P. as class counsel, and Braun Law Group, P.C. as liason counsel.

IT IS SO ORDERED.

Dated: April 15, 2010

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT