# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FREMONT GENERAL CORPORATION LITIGATION | CASE NO. 2:07-cv-02693-JHN -FFMx<br><br>**FINAL ORDER AND JUDGMENT**<br><br>JUDGE: JACQUELINE H. NGUYEN |

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), with respect to the Fremont General Corporation and Affiliated Companies Investment Incentive Plan, as amended through Mar. 19, 2007, and the Fremont General Corporation Employee Stock Ownership Plan, effective Jan. 1, 2000 (the "Plans").[1]

This matter came before the Court for a hearing on August 8, 2011, pursuant to the Order of this Court entered on April 26, 2011, on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement – ERISA Class Action (the "Settlement Agreement"), executed on March 22, 2011, and filed with the Court on March 23, 2011. The Court has

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1  received declarations attesting to the mailing of the Notice and publication of the
2  Summary Notice in accordance with the Order for Notice and Hearing.
3      Due and adequate notice having been given to the Class as required in said
4  Order, and the Court having considered all papers filed and proceedings had herein
5  and otherwise being fully informed in the premises and good cause appearing
6  therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
7      1.   This Court has jurisdiction over the subject matter of this Action and
8  over all Parties to the Action, including all members of the Class.
9      2.   The Class is certified as a non-opt-out class under Fed. R. Civ. P.
10 23(b)(1)(B) for settlement purposes only.
11     3.   On June 9, 2011, 5,093 copies of the Notice were mailed to Class
12 Members.
13     4.   On June 9, 2011, a copy of the Summary Notice was electronically
14 published on the Business Wire in accordance with the Settlement Agreement and
15 the Court's Order for Notice and Hearing.
16     5.   In accordance with the Court's Order for Notice and Hearing, the
17 Notice and Settlement Agreement were posted on
18 www.FremontERISASettlement.com.
19     6.   The Notice and the Summary Notice fully informed Class Members of
20 their rights with respect to the Settlement, including the right to object to the
21 Settlement or the application for an award of attorneys' fees and reimbursement of
22 expenses.
23     7.   The Notice and Summary Notice collectively met the statutory
24 requirements of notice under the circumstances, including the individual notice to
25 all members of the Class who could be identified through reasonable effort, and
26
27
28

1 fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs, the Class Members, and the Plans, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

9. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Class, and that the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement in accordance with its terms and conditions.

10. The Named Plaintiffs, on behalf of themselves, the Plans and the Class, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims.

11. All members of the Class are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties. As set forth in the Settlement Agreement, including Paragraphs 1.31 and 2.2 thereof, the Released Claims shall be: any and all claims whether known or unknown, (1) that were asserted in the Action or that could have been asserted in this Action; (2) that would have been barred by res judicata, including by the doctrines of claim bar or claim merger, had the Action been fully litigated to a final judgment; and/or (3) that relate to any loss on any investment in Fremont stock or the Fremont stock fund by the Plans or by any Plan participant with regard to his or her investment in the Plans made or in existence during the Class Period. Released Claims shall extend to all Released Parties. Provided, however, that Released Claims shall not

extend to any claims asserted by or on behalf of the plaintiffs in the Securities Actions. Further, Released Claims shall not extend to claims (1) related to enforcement of the Settlement Stipulation; (2) for individual or vested benefits separate and distinct from the claims asserted in the Action; (3) among Defendants and/or Defendants and the Underwriters; (4) between the Defendants and the Underwriters; and (5) against the Independent Fiduciary.

12. Each of the Defendants, by operation of this Order and Judgment, absolutely and unconditionally releases and forever discharges each one of the Named Plaintiffs, all Class Members, and Class Counsel with respect specifically and exclusively to any claim or cause of action that may arise from the institution or prosecution of the Action, and not with respect to any other pending or future claims, rights, or causes of action that Defendants may have now or in the future that concerns any other matters.

13. The Plan of Allocation is approved as fair and reasonable. Class Counsel and are directed to administer the Settlement in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Class Counsel is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund, which the Court finds to be fair and reasonable, and $400,678.02 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement, as provided in the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. All fees and expenses paid

to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

15. Named Plaintiffs are hereby awarded case contribution awards in the amount of $10,000 each and shall be paid pursuant to the timing requirements described in the Settlement Agreement.

16. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purposes, except (a) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Order for Notice and Hearing or the Final Order and Judgment, or (b) in any action or proceeding where the releases or dismissals provided pursuant to this Settlement Agreement may serve as a bar to recovery, or (c) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

18. The Court finds that during the course of the litigation, Named Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability.

20. Final Judgment shall be entered herein.

SO ORDERED this 10th day of August, 2011.

Hon. Jacqueline H. Nguyen
United States District Court Judge