NOTE CHANGES MADE BY THE COURT.

FILED
CLERK, U.S. DISTRICT COURT
SEP - 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FREMONT GENERAL CORPORATION LITIGATION | CASE NO. CV07-02693 JHN(FFMx)<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF ALLOCATION AND DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS |

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("*ERISA*"),[1] with respect to the Fremont General Corporation and Affiliated Companies Investment Incentive Plan, as amended through March 19, 2007, and the Fremont General Corporation Employee Stock Ownership Plan, effective January 1, 2000.

Before the Court is *Class Counsel*'s Motion for Approval of Allocation and Distribution of Residual Settlement Funds. While the Court granted final approval

---

[1] Terms capitalized and italicized in this order shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement – ERISA Class Action, (Doc. 255-1).

of the *Settlement* on August 10, 2011, the Court retained jurisdiction over implementing the *Settlement* and distributing and disposition of the *Settlement Fund*. See *Final Order and Judgment* (Doc. 286) at ¶ 17

The Court having considered all papers filed and all related proceedings, ~~and~~ there being no opposition, hereby finds and orders as follows:

1. On June 1, 2012, in accordance with the Court's *Final Order and Judgment*, the *Settlement Administrator* completed the initial distribution of the *Net Settlement Fund* to *Class Members*;

2. Pursuant to the *Plan of Allocation* and the Court's *Final Order and Judgment,* the Final Dollar Recoveries that could not be distributed because the identity or location of the *Class Member* or his or her beneficiary could not be determined after reasonable efforts, and those Final Dollar Recoveries that remained unclaimed after one year, were forfeited and returned to the *Settlement Fund*;

3. As of this date, the *Settlement Fund* includes a balance of forfeited funds of $499,559.27;

4. *Class Counsel's* Motion For Approval and Distribution of Residual Settlement Funds is GRANTED;

5. Those *Class Members* whose Final Dollar Recoveries were forfeited because they did not claim their payments under the first distribution, or because the payments were undeliverable after reasonable efforts, shall not recover under the residual distribution;

6. Administration costs of approximately $22,570.78 shall be paid first from the portion of the residual funds that would otherwise be allocated to *Class Members* described in ¶ 5 of this Order;

7. After deducting any remaining administration costs, the residual funds shall be paid to Qualifying Class Members[2] based on their initial pro rata share of the *Net Settlement Fund* under the first distribution;

8. A "De Minimis Amount" shall be set at $11.62, which is twice the estimated average individual administrative cost; and

9. All funds, including any unclaimed or undeliverable funds, remaining in *Settlement Fund* six (6) months after the date of the residual distribution shall be forfeited and, within sixty (60) days of the forfeiture date, escheat to the United States Treasury.

SO ORDERED this 4th day of Sept., 2013.

_____
United States District ~~Court~~ Judge

---

[2] "Qualifying Class Members" means *Class Members* eligible for the first distribution, excluding those who did not claim the first distribution, or to whom the first distribution was undeliverable.